UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| PATRICIA A. JOHNSON | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-380 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Patricia A. Johnson has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant also has filed a motion for summary judgment.

Ms. Johnson was born in 1958 and was 45 years old at the time of her administrative hearing. [Tr. 34]. She completed tenth grade and has relevant past work experience as an order filler/packer, inspector/supervisor, and packer/machine operator. [Tr. 15, 34]. Ms. Johnson alleges she is disabled as of March 9, 2001, from degenerative disc disease, neck and back pain with radiation into her legs, and fibromyalgia. [Tr. 15, 55]. Based upon a finding that her impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Johnson

was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Johnson's administrative hearing held on July 10, 2003, her testimony was received into evidence. [Tr. 33-41]. Ms. Johnson testified she worked in the past as a packer, inspector, and supervisor for a publishing company. [Tr. 34-35]. She did not think she would be able to work any more because of neck and shoulder pain as well as numbness in her right arm. [Tr. 36]. An MRI showed degenerative disc disease. [Tr. 37]. She is able to drive a car, but not for very long. [*Id.*]. Ms. Johnson is able to cook and attend church three times a week. [Tr. 37-38].

The ALJ ruled that Ms. Johnson was not disabled because her low back pain and right shoulder outlet impingement with fraying of the rotator cuff were not severe enough impairments under the Regulations. He also found that she could perform medium work and, as such, could perform her past relevant work. [Tr. 19-20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Johnson requests summary judgment and challenges the ALJ's failure to address her inability to use her right dominant hand and arm and whether her past relevant work would require good right dominant manual dexterity. The ALJ did address Ms. Johnson's right hand dexterity, but apparently not to a conclusion she found satisfactory. According to the ALJ, Ms. Johnson did not have any limitations with her right hand because the medical evidence did not support such a finding. [Tr. 18]. A neurologist who examined Ms. Johnson three times only found subjective decreased sensation in her fingers, and an EMG/NCV examination showed no nerve damage or neuropathy in her arms. [Tr. 17]. In addition, the consultative physician who examined Ms. Johnson in February 2001 and September 2002 found that she did not have any work-related limitations. [Tr. 18]. This court finds the ALJ's decision that Ms. Johnson did not have any limitations with her right hand was based on substantial evidence. Consequently, because the ALJ properly discounted Ms. Johnson's complaint, he did not have to consider whether she could perform her past relevant work with such an injury.

Lastly, Ms. Johnson argues the ALJ did not consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's residual functional capacity [RFC] on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Johnson's impairments three times in his decision. [Tr. 16, 18]. The ALJ focused Ms. Johnson's RFC on her back and neck pain. [Tr. 19]. Finally, a vocational expert did not testify at Ms. Johnson's administrative hearing. Based on the Sixth Circuit framework, the ALJ considered Ms. Johnson's impairments in combination.

After careful consideration of the entire record of proceedings related to this case, Ms. Johnson's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

4

Case 2:04-cv-00380   Document 15   Filed 01/04/06   Page 4 of 4   PageID #: 19